UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DANNY JOE SANDERS | § | |
| d/b/a SANCO METAL FABRICATORS LLC, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-164 |
| | § | |
| SENTRY INSURANCE A MUTUAL | § | |
| COMPANY and JOHN JOSEPH MORAN, | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

Defendant, Sentry Insurance A Mutual Company (hereinafter referred to as "Sentry"), hereby files this Notice of the Removal of this case from the 99th Judicial District Court of Lubbock County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. § 1441 and 1446(b) and would show the Court as follows:

1.

Sentry has been sued in Cause No. 2016521205, entitled "Danny Joe Sanders d/b/a Sanco Metal Fabricators LLC v. Sentry Insurance A Mutual Company and John Joseph Moran", currently pending in the 99th Judicial District Court of Lubbock County, Texas. That lawsuit was originally filed on June 13, 2016 in the 99th Judicial District Court of Lubbock County, Texas.

2.

Sentry first received notice of Plaintiff's lawsuit when Sentry was served with Plaintiff's lawsuit on June 20, 2016. Sentry is filing this notice within thirty days of that date, and within thirty days from when Plaintiff's lawsuit was filed, clearly making this removal timely under 28 U.S.C. § 1446(b).

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen of the State of Texas, being an individual residing in and domiciled in the State of Texas.

4.

At the date of commencement of this action and at all pertinent times, the Defendants to this lawsuit are citizens of the following:

(A)     Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin; and

(B)     Defendant John Joseph Moran is a citizen of the State of Texas, being an individual residing in and domiciled in the State of Texas.

5.

The citizenship of Defendant John Joseph Moran is not considered for jurisdictional purposes, as his joinder in this lawsuit is fraudulent, since Plaintiff has no viable cause of action against Defendant Moran, nor has Plaintiff sufficiently pled such for purposes of keeping this lawsuit from being removed to federal court.   There is no sufficient factual or legal basis alleged in Plaintiff's lawsuit that asserts any viable claim against Defendant Moran so as to keep this case from being removed to federal court.   This is especially the case under the pleading standard required by the Fifth Circuit in its recent opinion in *Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016).   As no viable claims have been pled by Plaintiff against Defendant Moran, the citizenship of Moran would not be considered for jurisdictional purposes.   Complete diversity thus exists between Plaintiff and the remaining Defendant, Sentry,

such that diversity of citizenship exists in this matter.

6.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Central, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states. The amount in controversy requirement is easily satisfied by Paragraph 75 of Plaintiff's Petition, which shows Plaintiff is seeking monetary relief between $200,000 and $1,000,000, as well Paragraph 29 of Plaintiff's Petition, where Plaintiff states the damage to his property that is involved is currently estimated to be $146,940.32.

7.

Copies of all the pleadings which have been filed in this action to date and which are attached as Exhibit "A" include the following:

a.      Plaintiff's Original Petition; and

b.      Citation served on Sentry;

To the best of Central's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Sentry Insurance A Mutual Company, prays that this action be removed to this Court from the 99th Judicial District Court of Lubbock County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

/S/Russell J. Bowman_____
Russell J. Bowman, Attorney in Charge
Texas State Bar No. 02751550

800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on July 11, 2016, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 11th day of July, 2016:

Mr. Chad T. Wilson                                      VIA E-MAIL - cwilson@cwilsonlaw.com
CHAD T. WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Attorney for Plaintiff


/S/Russell J. Bowman_____
Russell J. Bowman

# EXHIBIT A

Filed 6/13/2016 5:12:47 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

**2016521205**

CAUSE NO. _____                              ag

| | | |
|---|---|---|
| DANNY JOE SANDERS | § | IN THE JUDICIAL COURT OF |
| d/b/a SANCO METAL FABRICATORS | § | |
| LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| VS. | § | |
| | § | |
| SENTRY INSURANCE A MUTUAL | § | |
| COMPANY and JOHN JOSEPH MORAN, | § | |
| | § | |
| *Defendants.* | § | 99ᵗʰ DISTRICT COURT |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Danny Joe Sanders d/b/a Sanco Metal Fabricators ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure,** complaining of Sentry Insurance a Mutual Company ("Sentry") and John Joseph Moran ("Moran") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Danny Sanders d/b/a Sanco Metal Fabricators, resides in Lubbock County, Texas.

3.    Defendant, Sentry Insurance a Mutual Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Sentry Insurance a Mutual Company through its registered agent, **CT Corporation**

**System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.** Plaintiff requests service at this time.

4.  Defendant, John Joseph Moran, is an insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with Sentry Insurance a Mutual Company. Plaintiff requests service of citation upon John Joseph Moran at the address listed with the Texas Department of Insurance: **4016 127th Street, Lubbock, Texas, 79423-1148.** Plaintiff requests service at this time.

### JURISDICTION

5.  The Court has jurisdiction over Sentry because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Sentry's business activities in the State of Texas, including those in Lubbock County, Texas, with reference to this specific case.

6.  The Court has jurisdiction over Moran because he engages in the business of selling property and casualty insurance policies in the State of Texas, and the causes of action arise out of his business activities in the state, including those in Lubbock County, Texas, with reference to this specific case.

### VENUE

7.  Venue is proper in Lubbock County, Texas because the insured properties are located in Lubbock County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Lubbock County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

2

## FACTS

8.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owned a Sentry Insurance a Mutual Company commercial insurance policy, number 24-23657 ("the Policy").   At all relevant times, Plaintiff owned the three (3) insured premises located at 9102 Tahoka Highway, Lubbock, Texas, 79423 ("the Properties").

10.   On or about June 13, 2014, the Properties sustained extensive damage resulting from a severe hailstorm and windstorm that passed through the Lubbock, Texas area.

11.   In the aftermath of the windstorm and hailstorm, Plaintiff submitted a claim to Sentry against the Policy for damage to the Properties.   Sentry assigned claim number 66F335638-218 to Plaintiff's claim.

12.   Plaintiff asked Sentry to cover the cost of damage to the Properties pursuant to the Policy.

13.   Sentry or its agent, Moran, procured the Policy, insuring the Properties, to Plaintiff.

14.   Sentry and Moran represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Properties.   However, Sentry has refused the full extent of that coverage currently owed to Plaintiff.

15.   When Plaintiff purchased the Policy in question, Moran represented that the Policy Plaintiff purchased provided full coverage for hail and wind losses.

16.   However, Sentry later represented that the full coverage Policy sold by Moran was one with very specific exclusions.

17.   In correspondence to Plaintiff dated October 14, 2014, Sentry desk adjuster Anthony Vacha

3

("Vacha") referenced several of these Policy exclusions in Plaintiff's claim denial, which

reads:

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> d. (1) Wear and tear;
>
>   (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> We do cover hail damage to that portion of the "roof covering" that will allow the penetration of water or results in the failure of the "roof covering" to perform its intended function to keep out the elements over an extended period of time.
>
> 3. We will not pay for loss or damage caused by or resulting from any of the following, 2.a through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> c. Faulty, inadequate, or defective:
>
> (1) Planning, zoning, development, surveying, siting;
>
> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> (3) Materials used in repair, construction, renovation, or remodeling; or
>
> (4) Maintenance;
>
> Of part or all of any property on or off the described premises."

18.   In said letter, Vacha also went on to state that "the adjuster did not find any hail damage to

the roof systems and the cause of the interior damage was due to normal wear and tear,

deterioration, faulty, inadequate, or defective maintenance . . . ."

19.   Ultimately, based on wrongfully applied provisions in the Policy, namely "wear and tear,"

Sentry has refused substantive coverage which includes, but is not limited to, replacement

4

of the storm damaged roofs and repair of the storm damaged interior.

20. During procurement of the initial Policy facilitated in part by Moran, Sentry offered coverage based on the condition of the Properties at that time. However, when Plaintiff suffered a loss, Sentry used the condition of the Properties (that it insured in the first place) as a reason to deny coverage.

21. If Plaintiff had been informed by Moran that he could have received better coverage from another carrier's Policy or more effective customer service with respect to claims handling, Plaintiff would have purchased a different Policy altogether.

22. After the June 13, 2014 storm, Sentry sent Plaintiff a notice dated June 16, 2014 that all cosmetic damage due to wind and hail would be excluded from the Policy effective September 3, 2014. However, no explanation of this change was given by either Defendant.

23. Adjustment of the claim occurred on or around September 25, 2014. Sentry generated an estimate of damages totaling $0.00, after application of the deductible and depreciation.

24. This amount included minimal and insufficient repairs to external roofing components.

25. Specifically, Sentry documented that "the adjuster stated he reviewed with you the damages he did identify as being caused by hail to the skylights and vent caps. He said you both agreed that the damages to the skylights and vent caps [were] under your policy deductible of $2,500. With that said, we are closing your claim file."

26. This is inaccurate as Plaintiff never agreed with Sentry's assessment of the claim.

27. To date, Plaintiff has not received any actual cash value payment for damage to the Properties.

5

28.   Sentry, through its agents, conducted a substandard and improper inspection and adjustment of the Properties, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Properties.

29.   The damage to Plaintiff's Properties is currently estimated at $146,940.32.

30.   Sentry has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor has it provided any explanation for failing to settle Plaintiff's claim properly.

31.   Stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Sentry failed to provide full coverage due under the Policy.

32.   As a result of Sentry's failure to provide full coverage, along with Sentry's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

33.   Sentry failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Sentry refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Properties, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

34.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Sentry and Plaintiff.

35.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle

6

Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

36.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

37.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Sentry, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.

38.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

39.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for his claim.

40.    Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services

7

of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## SENTRY INSURANCE A MUTUAL COMPANY

### BREACH OF CONTRACT

41.   Sentry is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Sentry and Plaintiff.

42.   Sentry's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

43.   Sentry's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44.   Sentry's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45.   Sentry's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

8

46. Sentry's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47. Sentry's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Sentry's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49. Sentry's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

50. Sentry's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

51. Sentry's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

9

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52.    Sentry's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

53.    Sentry's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Sentry knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

54.    Sentry's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Standard pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Sentry. Specifically, Sentry's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Sentry has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Sentry's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's properties when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

10

B.   Sentry represented to Plaintiff that the Policy and Sentry's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Sentry also represented to Plaintiff that the Policy and Sentry's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Sentry advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Sentry breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Sentry's actions are unconscionable in that Sentry took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Sentry's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Sentry's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55.   Each of the above-described acts, omissions, and failures of Sentry is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

11

## FRAUD

56.   Sentry is liable to Plaintiff for common law fraud.

57.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Sentry knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

58.   Sentry made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST JOHN JOSEPH MORAN

## DTPA VIOLATIONS

59.   Moran's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46.  Specifically, his violations of the DTPA include, without limitation, the following matters:

A.    By his acts, omissions, failures, and conduct, Moran violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Moran's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

B.    Moran breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

12

C.    The conduct, acts, omissions, and failures of Moran are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.    The conduct, acts, omissions, and failures of Moran are unconscionable in that he took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

60.    Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. ' All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Moran, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

61.    Moran's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentations Regarding Policy or Insurer.  TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b).

62.    Specifically, Moran misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

### KNOWLEDGE

63.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

64.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

65.    Since the claim was made, Sentry has not properly compensated Plaintiff for all necessary repairs, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

66.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

67.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Properties, and any investigative and engineering fees incurred.

68.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, consequential damages, together with attorney's fees.

69.   The damage on Plaintiff's Properties is estimated at $146,940.32.

70.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

71.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

72.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Sentry owed, and exemplary damages.

73.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

74.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

75.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

76.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $200,000, but no more than $1,000.000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

77.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

78.  Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Lubbock County, Texas.  Plaintiff hereby tender the appropriate jury fee.

## PRAYER

Plaintiff pray that Defendants, Sentry Insurance a Mutual Company and John Joseph Moran, be cited and served to appear, and that upon trial hereof, Plaintiff, Danny Sanders d/b/a Sanco Metal Fabricators, has and recovers from Defendants, Sentry Insurance a Mutual Company and John Joseph Moran, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Danny Sanders d/b/a Sanco Metal Fabricators, may show himself justly entitled.

Respectfully Submitted,

CHAD T WILSON LAW FIRM PLLC

By: *s/Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly Ninh Blum
Bar No. 24092148
kblum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

18

## CITATION
## THE STATE OF TEXAS

TO:   Sentry Insurance a Mutual Company
      by serving its Registered Agent: CT Corporation System at
      1999 Bryan Street, Suite 900, Dallas, TX 75201

                                                              Defendant Greetings:

### NOTICE

You have been sued.  You may employ an attorney.  If you or your attorney do not file a
written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the
Monday following the expiration of 20 (twenty) days after you have been served this citation
and Original Petition, Jury Demand and Request for Disclosure, a default judgment may be
taken against you.

Said **Plaintiff's Original Petition, Jury Demand and Request for Disclosure** was filed in the
**99th District Court** of Lubbock County, Texas, on June 13, 2016.  The file number of said suit
being Cause Number **2016521205**, and styled:

Danny Joe Sanders d/b/a Sanco Metal Fabricators, LLC,
*Plaintiff*
V.
Sentry Insurance a Mutual Company and John Joseph Moran,
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original
Petition, Jury Demand and Request for Disclosure**, accompanying this citation, and made a part
thereof.

Plaintiff is represented by:
**Chad Wilson, 1322 Space Park Drive, Suite A155, Houston, TX 77058, (832) 415-1432**

The officer executing this writ shall promptly serve the same according to requirements of law,
and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Wednesday,
June 15, 2016, at 8:53 AM.

                              Barbara Sucsy, District Clerk
                              99th District Court
                              P.O. Box 10536 (79408)
                              904 Broadway
                              Lubbock, Texas 79401

                    By   *Ryan Crumley*                  Deputy
                              Ryan S. Crumley